UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTHONY JO EDWARDS** | **:** | **CIVIL ACTION NO. 2:21-cv-00560** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **LEWIS ET. AL.** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's Motion to Remand [doc. 6] and defendants' Motion to Dismiss for Failure to State a Claim [doc. 3], which have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. Defendants oppose the Motion to Remand. Doc. 11. Plaintiffs filed an untimely opposition to the Motion to Dismiss on July 6, 2021. Doc. 14.

For the reasons stated below, we **RECOMMEND** that the plaintiff's Motion to Remand be **DENIED** as to his federal claims. We **RECOMMEND** that the defendants' Motion to Dismiss be **GRANTED** as to those federal claims and they be **DISMISSED** with prejudice. We further recommend that plaintiff's Motion to Remand as to his state claims be **GRANTED**.

### I.
#### BACKGROUND

This suit arises from an incident occurring at the Leesville City Jail in Vernon Parish, Louisiana. Doc. 1, att. 1, p. 2. ¶ 5. Plaintiff was arrested on February 2, 2019, and alleges that, while waiting in the booking area of the jail, he wrapped his shoelaces around his neck. *Id.*, p. 2, ¶ 7. Upon realizing plaintiff had wrapped his shoelaces around his neck, the booking officer ran

over and attempted to remove the shoelaces. *Id.*, ¶ 8. Defendant Officer Jim Lewis then arrived to assist the booking officer and "began threatening violence on Plaintiff and began tasing him." *Id.*, ¶¶ 9-10. Plaintiff alleges that the use of the taser lasted "in excess of 30 seconds"—more than 25 seconds longer than the recommended tase length. *Id.*, ¶ 11. Plaintiff characterizes Lewis' actions as "second degree battery" from which he suffered bodily injuries. *Id.*, p. 3, ¶¶ 14-15.

Plaintiff named as defendants Officer Jim Lewis and the City of Leesville through its Mayor, Rick Allen, under a theory of *respondeat superior*. *Id.*, p. 4, ¶¶ 20-22. Plaintiff brought claims under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, under the Civil Rights Act of 1871, and under Louisiana Civil Code articles 2315 *et seq*. and 3493.10. *Id.*, p. 1, ¶ 2. While the alleged incident happened February 2, 2019, the plaintiff filed suit on February 1, 2021, urging that the applicable statute of limitations is two years under Louisiana Civil Code article 3493.10[1] because Lewis' actions constituted a "crime of violence." *Id.*, p. 4, ¶ 18.

With the first defendant, City of Leesville, having been served on February 4, 2021, defendants timely removed the action on March 4, 2021, relying upon federal question as the basis for subject matter jurisdiction. Doc. 1, pp. 1-2. Additionally, defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), arguing that the plaintiff's claim had prescribed a year from the February 2, 2019, incident. Doc. 3. Defendants argue that Louisiana's general one-year prescriptive period under article 3492, rather than the article 3493.10 two-year prescriptive period for delictual actions involving "crimes of violence." applies to this § 1983 action. *Id.*, att. 2, pp. 4-6.

---

[1] "Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2, are subject to a liberative prescription of two years." La. Civ. Code art. 3493.10 (2020).

On March 10, 2021, the plaintiff filed a Motion to Remand, which the defendants oppose. Docs. 6, 11. Plaintiff argues that his causes of action and alleged damages arise only under state law and therefore this court lacks federal question jurisdiction over entire action. Doc. 6, att. 1, pp. 2-3. Plaintiff urges that there is "no interpretation of federal law" necessary to this case's resolution. *Id*., p. 3. Additionally, plaintiff contends that language seeking damages under the Fourth, Eighth, and Fourteenth Amendments of the Constitution and the Civil Rights Act of 1871 was "inadvertently" included in Paragraph 2 of his original petition. *Id*. Plaintiff amended the original petition, merely striking out the portion of Paragraph 2 that referred to federal law. Doc. 10. In the defendants' opposition to remand, they argue that amendments to the petition subsequent to removal should not divest this court of subject matter jurisdiction. Doc. 11, pp. 2-6. Defendants also point out that the amended petition still alleges a civil rights lawsuit "for violation of Federally protected rights." *Id*., p. 1 (citing Doc. 10, p. 1, ¶ 1). Finally, defendants argue that plaintiff is merely forum shopping for a state court to rule that Louisiana's two-year prescriptive period applies to excessive force claims such as this one. *Id*., p. 2.

## II.
### LAW & ANALYSIS

Defendants are free to "remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons,* 118 S. Ct. 523, 529 (1997) (quoting 28 U.S.C. § 1441(a)). The burden of proof for establishing jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988) (citing *Wilson v. Republic Iron & Steel Co.,* 42 S. Ct. 35 (1921)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a

motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

### A. Federal Claims

The threshold issue is whether this court has subject matter jurisdiction over plaintiff's claims.

District courts have original jurisdiction "over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Int'l College of Surgeons,* 118 S. Ct. at 529 (quoting 28 U.S.C. § 1331). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 107 S. Ct. 1542, 1546 (1987). The well-pleaded complaint rule makes the plaintiff the "master of the claim" and allows him to avoid federal jurisdiction by seeking relief exclusively under state law. *Caterpillar Inc. v. Williams*, 107 S. Ct. 2425, 2429 (1987).

Defendants' removal was properly premised on federal question jurisdiction under 28 U.S.C. § 1331 since the plaintiff's complaint asserts an action under the Civil Rights Act of 1871—i.e., a § 1983 action—and claims a violation of his rights under three Amendments to the United States Constitution. Doc. 1, p. 2. We find that the removal of the initial complaint was proper, as the face of the complaint clearly seeks relief under federal law. *Id*.

Plaintiff argues for remand claiming that he "inadvertently" included language in his complaint referencing issues of federal question, which sought damages "under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act of 1871." Doc. 6, att. 1, p. 3. Plaintiff urges that the substance of his complaint seeks damages only

under Louisiana state law for the tortious conduct of Officer Lewis and against Officer Lewis' employer, the City of Leesville, via the doctrine of *respondeat superior*. *Id*., p. 2. Plaintiff correspondingly amended his complaint and removed Paragraph 2's references to federal law. Doc. 10, p. 1, ¶ 2.

In defendants' opposition to remand, they argue that plaintiff's amended petition still seeks federal relief as it purports to be a "civil rights lawsuit" for "violation of Federally protected rights." Doc. 11, p. 1. Additionally, defendants urge that plaintiff seeks punitive damages and pleads no circumstances that would warrant their availability under Louisiana law. *Id.*, p. 2, n. 2. Since punitive damages are only authorized by statute in Louisiana, defendants claim that plaintiff must be seeking punitive damages pursuant to federal law. *Id*.

Plaintiff's amended complaint ostensibly alleges a § 1983 action for excessive force, as the complaint seeks damages for violation of federally protected rights, alleges that plaintiff posed no threat to the officers at the time of the incident and was not resisting arrest, that Officer Lewis tased plaintiff "longer than the recommended tase length," and that Officer Lewis acted "under the color of law." Doc. 10, pp. 1-5, ¶¶ 1, 10-13, 20. Additionally, plaintiff seeks punitive damages, which are available in a § 1983 action.[2] To the extent the complaint still raises those issues of federal question, we maintain jurisdiction over those claims and would recommend the district court deny plaintiff's motion to remand those claims. However, we also find that any such remaining federal claims have prescribed.

---

[2] Punitive damages are not available against a municipality or against government officers in their official capacity. *City of Newport v. Fact Concerts, Inc.*, 101 S. Ct. 2748, 2762 (1981); *Davis v. West Community Hospital*, 755 F.2d 455, 459, 467 (5th Cir. 1985). Plaintiff could, however, seek punitive damages against Officer Lewis in his personal capacity. *Smith v. Wade*, 103 S. Ct. 1625, 1629 (1983); *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

For § 1983 actions, the forum state's general personal injury statute of limitations applies. *Perez v. Physician Assistant Bd.,* 765 F. App'x 960, 963 (5th Cir. 2019) (unpubl.) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)); *see also Miller v. Mancuso*, 388 F. App'x 389, 391 (5th Cir. 2010) (applying Louisiana's general prescriptive period to a § 1983 action for excessive force). Louisiana's statute of limitations or "prescriptive period" for personal injury actions is one year. *Jones v. Orleans Parish Sch. Bd.*, 688 F.2d 342, 344 (5th Cir. 1982); *see also* La. Civ. Code Ann. art. 3492 (2020). Federal law governs the commencement of prescription for a § 1983 action, providing that the period begins to run when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 205 (5th Cir. 2020) (quoting *Piotrowski v City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

While plaintiff contends that Louisiana's two-year prescriptive period for delictual actions involving a "crime of violence" should apply to his § 1983 action, the Supreme Court has ruled that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 109 S. Ct. 573, 582 (1989). Additionally, each federal district in Louisiana has rejected plaintiff's argument and has applied the one-year prescriptive period to § 1983 actions brought in Louisiana. *See Williams v. Ouachita Par. Sheriff's Dep't*, No. 17-60, 2017 WL 4401891, at *3 n. 6 (W.D. La. Aug. 28, 2017), *report and recommendation adopted*, No. 17-60, 2017 WL 4399277 (W.D. La. Oct. 3, 2017); *Diaz v. Guynes*, No. 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. 14-428, 2015 WL 269149, at *1 n. 2 (M.D. La. Jan. 21, 2015). Accepting plaintiff's allegations as true, the conduct giving rise to the claims herein occurred on February 2, 2019, and there is no suggestion that he lacked knowledge of his

injuries such that the commencement of prescription would have been delayed. Doc. 10, p. 2, ¶ 5. Thus, we find that prescription for the § 1983 action commenced to run on the day of the incident, and therefore plaintiff's federal claims prescribed before he filed suit on February 1, 2021. Doc. 1, p. 1. As such, we recommend the court grant defendants' motion to dismiss the remaining federal claims.

### B. State Claims

If a district court has original jurisdiction, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). We find that the initial exercise of supplemental jurisdiction over plaintiff's state tort claims was proper, as both the federal claims and state claims arose from the same incident—the actions of Officer Lewis. However, we may use our discretion in deciding whether exercise jurisdiction over the state claims once the federal claims are dismissed.

Once federal jurisdiction is established in the initial complaint, subsequent amendments to the petition do not automatically divest the court of properly triggered subject matter jurisdiction. *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (noting that "once a case is properly removed, the district court retains jurisdiction *even if* the federal claims are later dropped or dismissed." (citations omitted) (emphasis in original)). If the district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise jurisdiction and order remand. *Carnegie-Mellon University v. Cohill*, 108 S. Ct. 614, 619 (1988). While it is not mandatory, the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."

*Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).

The decision of whether to exercise jurisdiction over pendent state claims lies "within the sound discretion of the district court." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). In making this inquiry, courts balance the statutory factors listed in 28 U.S.C. § 1367(c) and several common law factors. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). Additionally, "no single factor is dispositive" in this analysis. *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008). "The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)). The common law factors are "judicial economy, convenience, fairness and comity," and will counsel against remand when remand would result in a waste of federal judicial resources or redundant proceedings in state court. *Id.*; *Brown,* 901 F.2d at 1255. When all federal claims are eliminated before trial, however, these factors will usually "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.,* 108 S. Ct. at 619 n. 7. Courts should also guard against improper forum manipulation, but the existence of forum shopping should not be a "trump card which overrides all of the other factors." *Enochs,* 641 F.3d at 161.

Under the first statutory factor, this matter involves an issue of state prescription that is "novel" in the sense that there is no guidance from the Louisiana Supreme Court. 28 U.S.C. § 1367(c)(1). Notably, a court within this district has remanded a similar excessive force and police misconduct case after plaintiff voluntarily dismissed his federal claims, reasoning that whether

article 3493.10's prescriptive period would apply to the remaining state claims presented a novel issue of law. *See Bowman v. Ouachita Par. Sheriff's Off.*, No. 20-1372, 2021 WL 900670, at *5 (W.D. La. Feb. 22, 2021), *report and recommendation adopted*, No. 20-1372, 2021 WL 899076 (W.D. La. Mar. 9, 2021). Should the district court accept our recommendation and dismiss the federal claims, the third statutory factor will also weigh in favor of remand. 28 U.S.C. § 1367(c)(3). Additionally, and logically, we find that the state tort claims will predominate over the federal claims upon the federal claims' dismissal. *Id.*, § 1367(c)(2).

We find that the common law factors weigh in favor of remand as well. This case is in its infancy and other than consideration of instant motions to remand and dismiss, few judicial resources have been expended on this matter thus far. *Enochs*, 641 F.3d at 159. Further proceedings in state court would not be redundant or duplicate the parties' previous efforts or expenses since this court has not yet reached the merits of plaintiff's state law claims. *See Mendoza,* 532 F.3d at 347. We also find that comity interests favor remand so Louisiana state courts may continue to develop their own jurisprudence on whether article 3493.10's prescriptive period applies to excessive force claims.[3]

Defendants urge that we should exercise our discretion and maintain jurisdiction over plaintiff's state law claims because the plaintiff has engaged in forum manipulation. Doc. 11, p. 2. They contend that plaintiff only deleted his federal claims to have the action remanded to state court and secure a favorable state court decision applying article 3493.10 to his excessive force

---

[3] The Supreme Court has cautioned that federal courts should avoid "needless decisions of state law." *United Mine Workers of America v. Gibbs*, 86 S. Ct. 1130, 1139 (1966) ("Certainly, if the federal claims are dismissed before trial … the state claims should be dismissed as well.")

claim. *Id*. Defendants point out that the plaintiff's attorney has sued Officer Lewis and the City of Leesville on behalf of another plaintiff and that action is pending in this court.[4] *Id*.

*Enochs* found that voluntary dismissal of a federal claim early in the proceedings is "not a particularly egregious form of forum manipulation, if it is manipulation at all." 641 F.3d at 160. The Western District of Louisiana has characterized such actions as "a legitimate effort by plaintiff to try her state law claims in the forum of her choice." *Bowman*, 2021 WL 900670, at *4. We find that plaintiff's "amend-remand" procedural maneuver does not constitute improper forum manipulation justifying our continued exercise of jurisdiction in this case. The statutory and common law factors all weigh in favor of relinquishing supplemental jurisdiction and any forum manipulation does not outweigh these considerations. As such, we would recommend that the court grant the plaintiff's motion to remand as to his state tort claims against Officer Lewis and the City of Leesville.

### IV.
#### CONCLUSION

For the foregoing reasons, we **RECOMMEND** the court **DENY** the plaintiff's Motion to Remand as to his federal claims and further **RECOMMEND** the court **DISMISS** those claims on the basis of prescription. As to plaintiff's state law claims, we **RECOMMEND** the court **GRANT** plaintiff's Motion to Remand.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

---

[4] *See Correa v. Officer Jim Lewis and City of Leesville through Mayor Rick Allen*, No. 2:20-cv-01275-JDC-KK. Defendants do acknowledge that *Correa* was not removed from state court; the *Correa* plaintiff filed in federal court originally. Doc. 11, p. 2, n. 3.

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–20 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)), *as recognized in Cruz v. Rodriguez*, 828 F. App'x 224, 2020 WL 6478502 (5th Cir. 2020) (unpubl.).

THUS DONE AND SIGNED in Chambers this 14th day of July, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE